OPINION
{¶ 1} Scott Lawson was convicted of unauthorized use of a motor vehicle, (a fifth degree felony), felonious assault on a police officer, (a first degree felony), and failure to comply with the order or signal of a police officer, (a third degree felony), pursuant to his pleas of guilty and no contest.
 {¶ 2} Lawson's appellate counsel has filed an Ander's brief asserting that he could find no appealable issues and he thus has requested permission to withdraw as counsel for Lawson. Lawson was notified on February 18, 2003 of his counsel's request and he was also notified by this court that he could file his own brief in this matter should he choose to do so. He has not filed anything with this court as of this date.
 {¶ 3} Lawson was originally charged with two counts of unauthorized use of an automobile, two counts of felonious assault on a police officer, and vandalism. Pursuant to plea negotiations, Lawson agreed to enter a plea to the charges for which he was convicted and the others were nollied by the State. The State also agreed that there would be a cap of five years on his sentences. The State could have sought maximum sentences totaling sixteen years but chose to agree to the five year cap.
 {¶ 4} We have examined the record of the plea and we find that the trial court scrupulously followed the requirements of Crim.R. 11 in accepting Lawson's pleas. Neither the State nor the defendant may appeal from a sentence that is recommended by both parties and is "authorized by law." R.C. 2953.08(D). In this case however Lawson did not agree to be sentenced to five years, he agreed that his sentence, if imposed, would be "capped" at five years.
 {¶ 5} Pursuant to R.C. 2929.14(A), a felony of the first degree warrants a definite prison term of 3-10 years, a felony of the third degree warrants a definite prison term of 1-5 years, and a fifth degree felony warrants a prison term of 6-12 months.
 {¶ 6} Lawson was sentenced to the minimum sentence with regard to his conviction for failure to comply with an order or signal of a police officer, a felony of the third degree. Appellant Lawson was sentenced to a lower range sentence, four years, with regard to his conviction for felonious assault of a peace officer, a felony of the first degree but the sentences were imposed consecutively.
 {¶ 7} The trial court imposed consecutive sentences upon Lawson because he was convicted of a violation of R.C. 2921.331(B) "involving serious physical harm to persons or property." R.C. 2921.33(D) requires that the offender serve the prison term for that offense consecutively to any other prison term imposed by the offender. Accordingly, the trial court was not required to make the findings mandated when a trial court imposes consecutive sentences otherwise mandated by R.C. 2929.14(E)(4).
 {¶ 8} After careful review, we are satisfied with counsel's findings that Lawson's appeal is frivolous and there are no arguable issues for appeal. Accordingly, counsel's motion to withdraw is granted, and we affirm the trial court's judgment.
WOLFF, J., and YOUNG, J., concur.